IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-00236-02-CR-W-DGK |
| ) | |
| ASHLI ADKINS, ) | |
| ) | |
| Defendant. ) | |

ORDER

This matter is currently before the Court on Defendant Ashli Adkins' Motion for Severance (doc #102) in which defendant Adkins seeks a severance from her co-defendants, Derek Williams, Jason Sparks and Daniel Williams. For the reasons set forth below, this motion is denied.

I. INTRODUCTION

On June 20, 2013, defendant Ashli Adkins, along with Derek A. Williams, Jason E. Sparks, Charidy Blankenship[1] and Daniel R. Williams, was charged in a forty-three count Indictment.

On February 4, 2016, the Grand Jury returned a forty-six count Superseding Indictment against defendants Derek A. Williams, Ashli Adkins, Jason E. Sparks and Daniel R. Williams.[2] In Count One, all defendants are charged with conspiracy to commit mail fraud. In Counts Two

---

[1] Defendant Blankenship entered a guilty plea on July 2, 2015.
[2] Defendant Adkins is charged in Counts One through Forty-Four. Defendant Derek Williams is, likewise, charged in Counts One through Forty-Four. Defendant Sparks is charged in Counts One through Forty-Two. Defendant Daniel Williams is charged in Counts One through Thirteen and Forty-Three through Forty-Six.

and Three, all defendants are charged with conspiracy to distribute controlled substance analogues. In Count Four, all defendants are charged with conspiracy to import controlled substance analogues. In Counts Five through Ten, all defendants are charged with distribution of controlled substance analogues. In Count Eleven, all defendants are charged with conspiracy to introduce, receive, deliver and sell misbranded drugs in interstate and foreign commerce. In Counts Twelve and Thirteen, all defendants are charged with conspiracy to commit money laundering. In Counts Fourteen through Forty-Two, defendants Derek Williams, Ashli Adkins and Jason Sparks are charged with conducting financial transactions in excess of $10,000 with criminally derived proceeds. In Counts Forty-Three and Forty-Four, defendants Derek Williams, Ashli Adkins and Daniel Williams are charged with conducting financial transactions in excess of $10,000 with criminally derived proceeds. Count Forty-Five charges defendant Daniel Williams with conducting a financial transaction with criminally derived proceeds designed to avoid the transaction reporting requirements of state or federal laws. Count Forty-Six charges defendant Daniel Williams with conducting a financial transaction with criminally derived proceeds designed to conceal or disguise the nature, location, source, ownership or control of the proceeds.

II.  DISCUSSION

A. Joinder of Defendants

Rule 8(b), Federal Rules of Criminal Procedure, establishes the requirements for joinder of defendants. Defendants are permitted to be joined where "they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." "There is a preference in the federal system for joint trials of defendants who are indicted together." United States v. Anderson, 783 F.3d 727, 743 (8th Cir. 2015)(quoting Zafiro

2

v. United States, 506 U.S. 534, 537 (1993)).  This is increasingly so when it is charged that defendants have engaged in a conspiracy.  See United States v. Basile, 109 F.3d 1304, 1309 (8th Cir.), cert. denied, 522 U.S. 866 (1997); United States v. Pou, 953 F.2d 363, 368 (8th Cir.), cert. denied, 504 U.S. 926 (1992).  "The preference for joint trials of defendants jointly indicted, particularly where conspiracy is charged, is not limited by any requirement that the quantum of evidence of each defendant's culpability be equal."  United States v. Mallett, 751 F.3d 907, 917 (8th Cir. 2014)(quoting United States v. Lewis, 557 F.3d 601, 610 (8th Cir. 2009)).

The question of whether joinder is proper is to be determined from the face of the indictment, accepting as true the factual allegations in the indictment.  See United States v. Massa, 740 F.2d 629, 644 (8th Cir. 1984)(overruled on other grounds), cert. denied, 471 U.S. 1115 (1985).  See also United States v. Willis, 940 F.2d 1136, 1138 (8th Cir. 1991), cert. denied, 507 U.S. 971 (1993)("the indictment on its face revealed a proper basis for joinder"); United States v. Jones, 880 F.2d 55, 62 (8th Cir. 1989)("the superseding indictment reveals on its face a proper basis for joinder").

Accepting as true the factual allegations in the Superseding Indictment, it is clear that the charges in Counts One through Thirteen (that defendant Ashli Adkins, along with co-defendants Derek Williams, Jason Sparks and Daniel Williams, conspired to commit mail fraud; conspired to distribute controlled substance analogues; conspired to import controlled substance analogues; distributed controlled substance analogues; conspired to introduce, receive, deliver and sell misbranded drugs in interstate and foreign commerce; and conspired to commit money laundering), the charges in Counts Fourteen through Forty-Two (that defendant Adkins, along with co-defendants Derek Williams and Jason Sparks, conducted financial transactions in excess of $10,000 with criminally derived proceeds), and the charges in Counts Forty-Three and

Forty-Four (that defendant Adkins, along with co-defendant Derek Williams and Daniel Williams, conducted financial transactions in excess of $10,000 with criminally derived proceeds) satisfy the requirement that defendants are alleged to have participated in the same act or in the same series of acts constituting an offense. There is no misjoinder of defendants in this case.

      B.     <u>Defendant Adkins is Not Prejudiced By Her Joinder With the Other Defendants</u>

"When defendants are properly joined, there is a strong presumption for their joint trial, as it gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome." <u>United States v. Casteel</u>, 663 F.3d 1013, 1018 (8th Cir. 2011)(quoting <u>United States v. Lewis</u>, 557 F.3d 601, 609 (8th Cir. 2009)). However, Rule 14, Federal Rules of Criminal Procedure, permits severance where joinder would result in unfair prejudice to a defendant. The decision to sever lies in the trial court's discretion. <u>See</u> <u>United States v. Davis</u>, 882 F.2d 1334, 1340 (8th Cir. 1989), <u>cert.</u> <u>denied</u>, 494 U.S. 1027 (1990).

Defendant Adkins argues that she would be prejudiced by a joint trial with Derek Williams, Jason Sparks and Daniel Williams. Specifically, defendant states:

> The discovery provided by the government to date demonstrates a stark disparity in the quantity and quality of information pertinent to Mrs. Adkins and her codefendants. Although Mrs. Adkins was listed as the owner of KC Incense, there is little to no information regarding Mrs. Adkins' involvement in the facts that may support the evidence of a conspiracy. According to the evidence provided by the government, there is no evidence that Mrs. Adkins took any active role in the operation of the business itself. In this case, the business was operated under the exclusive control of Derek Williams and Jason Sparks. These defendants, along with Daniel Williams, primarily marketed the products around the country. In addition, the government's evidence demonstrates that Derek Williams was responsible for dealing with the chemical suppliers and caused the purchase and delivery of the products to the United States. In addition, the finances of the company were handled by Charidy Blankenship and Derek Williams. In fact, the evidence provided by the government only demonstrates that the defendant was a signatory on the company bank accounts but fails to evidence any direct

4

involvement in the operation of the business. Her involvement is a striking distinction from the other co-defendants who were involved in the day-to-day operation of the business.

(Defendant Ashli Adkins' Motion for Severance (doc #102) at 2-3)

Defendant Adkins argues that the fact that there are forty-six separate criminal counts "distorts the evidence marshaled against the defendants and the relative lack of evidence against Mrs. Adkins." ((Defendant Ashli Adkins' Motion for Severance (doc #102) at 4-5) However, the Court notes that defendant Adkins is charged in forty-four of those forty-six criminal counts. Thus, evidence relevant to the charges in those forty-four counts would appear relevant to the charges against defendant Adkins. In addition, conduct in furtherance of a charged conspiracy is admissible against all coconspirators as evidence of the conspiracy. See United States v. Ramsey, No. 11-3224, 510 F. App'x 731, 734-35 (10th Cir. Feb. 11, 2013), cert. denied, 134 S.Ct. 714 (2013). Accord Rincon v. Burge, No. 05Civ.0686(LTS)(MHD), 2010 WL 6789121, *18 (S.D.N.Y. Sep. 8, 2010)("although some of the evidence concerned crimes in which not all of the defendants were directly involved, that evidence was admissible against all of them as alleged coconspirators, since the conduct in question involved overt acts in furtherance of the conspiracy"). While defendant Adkins argues that "there is little to no information regarding [her] involvement in the facts that may support the evidence of a conspiracy," the issue of whether the government will be able to prove that defendant Adkins was part of the alleged conspiracies remains whether defendant Adkins is tried separately or with her co-defendants.

To the extent that evidence would be admissible in a joint trial that would otherwise not be admissible if defendant Adkins were tried alone, the law is clear that a defendant is not entitled to severance simply because the evidence against a co-defendant is more weighty than the evidence against her or because evidence admissible against a co-defendant may make her

5

case more difficult to defend. In United States v. Willis, 940 F.2d 1136 (8th Cir. 1991), cert. denied, 507 U.S. 971 (1993), the court found:

> There can be little doubt that the joint trial made it more difficult for Willis [a minor participant charged in only two of thirty-two counts] to defend himself. The evidence clearly revealed that Duke was a major drug dealer with a "far-flung" operation. But difficulty alone is not a reason to reject joinder. A showing of clear prejudice must be made.

Id. at 1139. See also United States v. Pecina, 956 F.2d 186, 188 (8th Cir. 1992); United States v. Davis, 882 F.2d 1334, 1340 (8th Cir. 1989), cert. denied, 494 U.S. 1027 (1990).

Prejudice may occur if the jury is unable to compartmentalize the evidence against each defendant. See Willis, 940 F.2d at 1138. However, this potential problem can normally be resolved through applicable jury instructions. See Pecina, 956 F.2d at 188 ("Disparity in the weight of the evidence as between ... parties does not entitle one to severance ... In addition, the district court gave precautionary instructions advising the jury of the proper use of evidence as related to each defendant and each charge"); United States v. McConnell, 903 F.2d 566, 571 (8th Cir. 1990), cert. denied, 498 U.S. 1106 (1991)("the roles of the individual [defendants] were sufficiently distinct that the jury, aided by the court's instructions, could compartmentalize the evidence against each defendant"); United States v. Jones, 880 F.2d 55, 63 (8th Cir. 1989); United States v. Jackson, 549 F.2d 517, 526 (8th Cir.), cert. denied, 430 U.S. 985 (1977).

There is no reason to question that any possible prejudice to defendant Adkins resulting from any evidence which is not evidence of the conspiracies and/or the other charges brought against Adkins and which is presented against her co-defendants cannot be resolved through precautionary jury instructions. There is no prejudice in this case that would require severance in order to ensure a fair trial.

6

## III. CONCLUSION

Rules 8 and 14 are designed to promote judicial economy and efficiency and to avoid a multiplicity of trials as long as these objectives can be achieved without substantial prejudice to the right of the defendant to a fair trial. See Zafiro v. United States, 506 U.S. 534, 540 (1993). Given the Court's findings that defendant Adkins is properly joined with her co-defendants and that defendant's claims of prejudice must fail, it is

ORDERED that Defendant Ashli Adkins' Motion for Severance (doc #102) is denied.

*/s/ Sarah W. Hays*
SARAH W. HAYS
UNITED STATES MAGISTRATE JUDGE
